**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **CARLOS CORTEZ-RODRIGUEZ,** | ) | **NO. 5:26-cv-02987-KS** |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| **JAIME RIOS et al.,** | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Before the Court is the Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") filed by Petitioner Carlos Cortez-Rodriguez ("Petitioner") on June 1, 2026. (Dkt. No. 1.) For the following reasons, the Petition is **DENIED**.

**BACKGROUND**

Petitioner is a citizen of El Salvador who entered the United States without inspection on May 20, 2023. (Dkt. No. 1 ¶ 18.) On April 2, 2025, an immigration judge ("IJ") ordered Petitioner removed. (*Id.*) Petitioner timely filed an appeal of the removal order to the Board of Immigration Appeals ("BIA"). (*Id.*)

1

On January 31, 2026, Immigration and Customs Enforcement ("ICE") officers took Petitioner into custody at the Dessert View Annex in Adelanto, California. (Dkt. No. 1 ¶ 20.) Petitioner subsequently filed a motion to withdraw his appeal with the BIA, which was granted by the BIA on June 4, 2026. (Dkt. No. 8 at 2, 7.) Once Petitioner's appeal was withdrawn, the IJ's removal order became administratively final. (*Id.*)

On June 1, 2026, Petitioner filed the instant Petition in which he seeks his immediate release on the grounds that his continued detention without a hearing violated the Due Process Clause of the Fifth Amendment and exceeded Respondents' statutory authority under 8 U.S.C. § 1231 as his removal was not reasonably foreseeable. (*See* Dkt. No. 1 ¶¶ 43-62.) On June 8, 2026, Respondents filed a Response to the Petition in which they contend that Petitioner is subject to mandatory detention for the 90-day removal period pursuant to 8 U.S.C. § 1231(a)(2) as his removal order is now administratively final. (Dkt. No. 8 at 2-3.) Petitioner filed a Reply in support of his Petition on June 12, 2026. (Dkt. No. 9.)

On June 24, 2026, Respondents filed a Notice of Intended Removal ("Notice," Dkt. No. 10.) The Notice provided that "ICE has served a notice of removal on the Petitioner on June 23, 2026, identifying him as scheduled for removal on June 27, 2026, in accordance with his final order of removal dated June 4, 2026." (*Id.*) On June 25, 2026, the Court issued an order temporarily staying Petitioner's removal and directing Petitioner to file a response to the Notice on or before June 26, 2026. (Dkt. No. 13.) On June 26, 2026, Petitioner filed a response in which he concedes that his impending removal resolves the sole issue raised in the Petition—that his prolonged detention is unlawful because his removal is not reasonably foreseeable. (Dkt. No. 14.)

On June 30, 2026, the Court lifted the temporary stay and directed Respondents to inform the Court of the date and status of Petitioner's pending removal. (Dkt. No. 15.) Respondents filed notices on July 10, 2026 and July 13, 2026 in which they notify the Court of

their intent to transfer Petitioner to El Paso, Texas on July 16, 2026 in anticipation of executing his removal on the next available flight to El Salvador. (Dkt. Nos. 16, 17.) As of the date of this Order, Petitioner appears to be detained at ICE's Enforcement and Removal Operations ("ERO") El Paso Camp East Montana in El Paso, Texas.[1]

## LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); 28 U.S.C. § 2241(c)(3) (providing that district courts may grant a writ of habeas corpus where a petitioner demonstrates they are "in custody in violation of the Constitution or laws or treaties of the United States"). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020).

## DISCUSSION

The Immigration and Nationality Act ("INA") provides that once a final order of removal is entered against a noncitizen, the government shall detain the noncitizen during a 90-day removal period while it effectuates the noncitizen's removal. 8 U.S.C. § 1231(a)(2); s*ee also Zadvydas*, 533 U.S at 683. The "removal period" is the "latest of the following": "(i) The date the order of removal becomes administratively final"; "(ii) If the removal order is

---

[1] Review of ICE's detainee locator for Petitioner's name, A-number, and country of birth yielded. *See* ICE Detainee Locator, https://locator.ice.gov/odls/#/search (last visited July 30, 2026). The Court may take judicial notice of information on official government websites. *See United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of the Bureau of Prisons' publicly available inmate locator).

3

judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order"; or "(iii) If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement."  8 U.S.C. § 1231(a)(1)(B).

After the 90-day removal period, the government may either continue to detain the noncitizen for "a period reasonably necessary to bring about that [noncitizen's] removal from the United States," or release the noncitizen under supervision.  *Zadvydas*, 533 U.S at 689; 8 U.S.C. § 1231(a)(6).  The Supreme Court has found that a six-month period of detention is presumptively reasonable.  *Id.* at 701.  After the six-month period, a petitioner challenging detention must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Id.*  The burden then shifts to the government to produce "evidence sufficient to rebut that showing."  *Id.*

Here, even though Petitioner has been detained since January 2026, he concedes that he cannot satisfy his burden of showing that his removal is not significantly likely in the reasonably foreseeable future.  *Zakarneh v. Rubio*, No. 2:26-cv-01556-DGE, 2026 U.S. Dist. LEXIS 146239, at *8 (W.D. Wash. July 1, 2026).  As there is no indication in the record before the Court that Petitioner's removal will not be carried out in the reasonably foreseeable future, the Court concludes that the Petition must be denied.

## ORDER

For the foregoing reasons, the Court orders that the Petition is **DENIED** and that this case is **DISMISSED WITHOUT PREJUDICE**.  Judgment will be entered accordingly.

DATE: July 31, 2026

HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE

4